## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRANDON C. SCHNEIDER<br>487 Michigan Ave., NE<br>Washington, DC 20017, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | : Civil Action No._____<br> : |
| U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave., NW<br>Washington, DC  20530-0001 | : <br> : <br> : <br> : |
| And | : <br> : |
| U.S. DEPARTMENT OF STATE<br>600 19th St., NW, Ste 5.600<br>Washington, DC 20522 | : <br> : <br> : <br> : |
| And | : <br> : |
| CENTRAL INTELLIGENCE AGENCY<br>Office of the General Counsel<br>Washington, DC  20505, | : <br> : <br> : <br> : |
| Defendants. | : <br> : |

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND INJUNCTIVE RELIEF

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §

552, as amended, and the Privacy Act of 1974, ("Privacy Act"), 5 U.S.C.  § 552(a) as

well as agency FOIA regulations, challenging the failure of the United States Department

of Justice ("Justice"), the United States Department of State ("State") and the Central

Intelligence Agency ("CIA") to fulfill the requests of Brandon C. Schneider for

documents concerning himself.

2.  This case seeks declaratory relief that defendants are in violation of the FOIA and Privacy Act for failing to fulfill plaintiff's requests for records, and injunctive relief that defendants immediately and fully comply with plaintiff's requests under the FOIA and the Privacy Act.

## JURISDICTION AND VENUE

3.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 702, which gives the Court jurisdiction over agency actions where an aggrieved party has suffered wrong within the meaning of a "relevant statute," here the FOIA.  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue lies in this district under 5 U.S.C. § 703, 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.  Plaintiff Brandon C. Schneider ("Schneider") is a citizen of Washington, D.C.  Mr. Schneider is currently a Catholic religious seminarian studying for the priesthood.  Certain allegations which have not been fully explained to Schneider came to light during a background check conducted by the Office of Personnel Management ("OPM") which have caused Schneider's status and ability to enter the priesthood to be put on hold pending their resolution.  Schneider's attempts to learn what these allegations are so as to have them removed from anything associated with him are the subject of this lawsuit.

5.  Defendant Justice is an agency within the meaning of 5 U.S.C. § 552(f).  The Criminal Division ("Criminal") is a component of Justice.  Defendant Justice, through its component, Criminal, is a federal agency with possession and control of records responsive to plaintiff's requests and is responsible for fulfilling the FOIA requests of Schneider.

6.  Defendant State is an agency within the meaning of 5 U.S.C. § 552(f).
Defendant State is a federal agency with possession and control of records responsive to
plaintiff's requests and is responsible for fulfilling the FOIA requests of Schneider.

7.  Defendant CIA is an agency within the meaning of 5 U.S.C. § 552(f).
Defendant CIA is a federal agency with possession and control of records responsive to
plaintiff's requests and is responsible for fulfilling the FOIA requests of Schneider.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

8.  The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to
release requested records to the public unless one or more specific statutory exemptions
apply.

9.  An agency must respond to a party making a FOIA request within 20 working
days, notifying that party of at least the agency's determination whether or not to fulfill
the request and of the requester's right to appeal the agency's determination to the agency
head.  5 U.S.C. § 552(a)(6)(A)(i).

10.  An agency must respond to a FOIA appeal within 20 working days, notifying
the appealing party of the agency's determination to either release the withheld records or
uphold the denial.  5 U.S.C. § 552(a)(6)(A)(ii).

11.  In "unusual circumstances," an agency may delay its response to a FOIA
request or appeal, but must provide notice and must also provide "the date on which a
determination is expected to be dispatched."  5 U.S.C. § 552(a)(6)(B).

12. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

13. The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records. Specifically, when requiring the release of improperly withheld records, if the court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered. 5 U.S.C. § 552(a)(4)(F).

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

14. Plaintiff Schneider is currently a Catholic religious seminarian studying for the priesthood. On February 26, 2016, a background check was initiated on Schneider for a Summer Chaplain Internship at Ft. Belvoir Community Hospital. Schneider received notification that interim approval was granted to him on April 13, 2016. Schneider served his summer ministry at Ft. Belvoir Community Hospital from May 24, 2016 to July 28, 2016.

15. On March 20, 2017, months after completion of the summer internship, OPM interviewed Schneider for his background check. A second interview was requested over one half year later, on September 28, 2017. The second interview was conducted on October 5, 2017, at which Schneider was asked about allegations in which an individual, believed by OPM to be Schneider, allegedly admitted to certain actions to unnamed government agency but which no charges were ever filed. OPM would not share the

documents it relied on for these questions, nor would OPM provide specific details of these allegations.  Plaintiff denied, and continues to deny these allegations.

16. Under his ethical duties to his vocation, plaintiff was required to notify his seminary of the allegations.  He was removed from the parish ministry and his ability to proceed towards perpetual profession and ordination to the diaconate has been placed in abeyance.  He is unable to return to the ministry or be considered for perpetual profession and ordination until this matter is resolved and his record is cleared.  Previous requests to the Federal Bureau of Investigation and OPM are the subject of another lawsuit previously brought in this district, *Schneider v. U.S. DOJ*, et al. (D.D.C. Civil No. 18-00474-DLF).

## REQUEST TO JUSTICE

16.  On May 2, 2018, plaintiff submitted a FOIA/Privacy Act request to the Criminal Division of the Department of Justice for a copy of all material related to him.

17. By letter dated May 25, 2018, Criminal acknowledged receipt of plaintiff's request and assigned it tracking number CRM-300666226.

18. As of the date of this Complaint, Criminal has not acted on plaintiff's request.

## STATE REQUEST

19. On May 2, 2018, plaintiff submitted a FOIA/Privacy Act request to State for all records pertaining to himself.

20. By letter dated June 27, 2018, State acknowledged and assigned it tracking number P-2018-03529.

21. As of the date of this Complaint, State has not acted on this request.

## CIA REQUEST

22. On May 2, 2018, plaintiff submitted a FOIA/Privacy Act request to CIA for all records pertaining to himself.

23. By letter dated May 11, 2018, CIA acknowledged plaintiff's request and assigned it tracking number P-2018-00451.

24. As of the date of this request, CIA has not acted on plaintiff's request.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Failure to Conduct an Adequate Search)

25. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

26. Plaintiff submitted requests that reasonably described the records sought and was made in accordance with defendants' published rules.

27. In response, defendants have failed to conduct a search reasonably calculated to uncover all responsive agency records.

28. Therefore, defendants have violated the FOIA's mandate to search for responsive records.  5 U.S.C. §552(a)(3)(D).

29. Plaintiff is entitled to injunctive and declaratory relief with respect to the search for the requested records.

### CLAIM TWO
### (Failure to Produce Records Under the FOIA)

30. Plaintiff realleges and incorporates by reference all preceding paragraphs.

31. Plaintiff properly asked for records within defendants' control.

32.  Plaintiff is entitled by law to access to the records requested under the FOIA and the Privacy Act, unless defendants make an explicit and justified statutory exemption claim.

33. Defendants have not produced all the records responsive to plaintiff's FOIA and Privacy Act requests.

34.  Defendants have violated the FOIA's mandate to release agency records to the public by failing to release the records as plaintiff specifically requested.  5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

35. Defendants have violated the plaintiff's Privacy Act's right to receive records pertaining to him. 5 U.S.C. §552a(b).

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court:

(1)  Declare that defendants have violated the FOIA and Privacy Act by failing to conduct an adequate search for records responsive to plaintiff's FOIA/PA requests;

(2)  Order the defendants to immediately conduct and document an adequate search for responsive records as dictated by plaintiff's requests;

(3) Declare that the defendants have violated the FOIA and Privacy Act by failing to lawfully satisfy plaintiff's FOIA/PA requests;

(4) Order the defendants to release all records responsive to plaintiff's FOIA/PA requests;

(5) Award plaintiff his reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant such other and further relief as the Court may deem just and proper.

Dated:  October 3, 2018

Respectfully submitted,

Scott A. Hodes
(D.C. Bar No. 430375)
P.O. Box 42002
Washington, D.C.  20015
Phone (301) 404-0502
Fax (413) 641-2833

Attorney for Plaintiff