UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRANDON C. SCHNEIDER,

    *Plaintiff*,

v.

U.S. DEPARTMENT OF JUSTICE, *et al.*,

    *Defendants.*

No. 18-cv-2294 (DLF)

## ORDER

    Brandon Schneider brings this suit alleging that the CIA unlawfully withheld records in violation of the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a.  Before the Court is the government's Motion for Summary Judgment, Dkt. 22.  For the reasons that follow, the Court will deny the government's motion without prejudice.

    Schneider challenges the withholding of a single document by the CIA: a criminal referral document sent by the CIA to the U.S. Department of Justice (DOJ) with information stemming from the background investigation the CIA conducted when Schneider applied for employment with the agency.  *See* Pl.'s Opp'n at 1, Dkt. 29.

    On August 5, 2019, the defendants filed a motion for summary judgment.  In that initial motion, the CIA invoked Exemption 5 to withhold the document in full, *see* First Shiner Decl. ¶ 32, Dkt. 22-5; alternatively, in a footnote, the agency invoked Exemptions 1, 3, and 7(E) to redact the entire document, *id*. n.3.  As the Court explained in its order denying the motion, the agency did not provide specific information about the document itself, nor did it provide an adequate legal explanation as to why the asserted exemptions justified withholding the document

in full.  *See* Nov. 12, 2019 Order at 1–2.  The agency also failed to explain why it could not segregate any protected material from other parts of the document.  *Id*.

On December 10, 2019, the CIA renewed its motion for summary judgment.  *See* Dkt. 27.  In this new round of briefing, the agency invokes both Exemption 5 and Exemption 7(E) to withhold the document in full.  *See* Second Shiner Decl. ¶¶ 3–4, Dkt. 27-1.  Alternatively, it invokes Exemption 3 to redact all portions of the document.  *Id*. ¶ 2.

Despite the Court's earlier order, the CIA's three-page renewed motion fails to set forth *any* legal arguments.  Remarkably, the CIA asserts that it "does not believe that supplemental reply briefing is required," Def.'s Reply at 1, Dkt. 30, even though it failed to address the Court's concerns, including the Privacy Act arguments the plaintiff highlighted in its most recent brief, *see* Pl.'s Opp'n at 4–7.  Moreover, the additional affidavit the CIA offers from Antoinette B. Shiner still lacks sufficient detail for the Court to determine whether the relevant exemptions justify withholding the document *in full*.  With respect to Exemption 5, for example, Shiner asserts that factual information in the document "is a critical piece of the crimes referral analysis, both by CIA and DOJ, and is therefore inextricably intertwined with the deliberative material in the document." *Id*. ¶ 3.  But neither Shiner in her declaration nor the CIA in its briefs adequately explains why the *entire* document, which includes information provided by the plaintiff, is "deliberative" such that it "reflects the give-and-take of the consultative process." *Petroleum Info. Corp. v. U.S. Dep't of Interior*, 976 F.2d 1429, 1434 (D.C. Cir. 1992).  Similarly, with respect to Exemption 7(E), Shiner states in a conclusory manner, "[i]f information within the crimes referral were disclosed it would tend to reveal methods and techniques used by the Agency to assess the suitability of applicants and current employees." Second Shiner Decl. ¶ 4.  But here again, the agency relies upon boilerplate language and fails to describe with any

specificity why disclosure of *any* of the information in the document will undermine the agency's methods and techniques.

The Court appreciates that the document refers (at least in part) to a polygraph examination of the plaintiff.  *See* Shiner Decl. ¶ 2.  But the agency has again failed to provide sufficient detail about the content of the document such that the Court can determine whether the agency's asserted legal bases for withholding the document *in full* are justified.  Therefore, the Court will again deny the CIA's motion for summary judgment without prejudice.  *See* Pl.'s Opp'n at 2 (requesting the Court to deny the renewed motion and "mandate a supplemental declaration" where needed).  Should the CIA seek to file a renewed motion for summary judgment, it shall provide the Court with adequate supporting affidavits, legal authority, and analysis that demonstrates why the Court should permit the agency to withhold the document, in full or in part, under the relevant FOIA and Privacy exemptions.  Accordingly, it is

**ORDERED** that the motion for summary judgment is **DENIED** without prejudice. It is further

**ORDERED** that the defendants shall file any renewed motion for summary judgment on or before June 10, 2020.  The plaintiff shall file an opposition on or before June 24, 2020, and the defendants shall file any reply on or before July 1, 2020.

May 20, 2020

DABNEY L. FRIEDRICH
United States District Judge